BUD C. KIMBALL, APPELLANT, *v.* HOOPS CONSTRUCTION COMPANY, A CORPORATION, WARREN BRIGGS, AND JOHN R. EMMONS, RESPONDENTS.

No. 4563

March 18, 1963                    379 P.2d 541

*Leo J. Puccinelli,* of Elko, and *Leonard W. Elton,* of Salt Lake City, Utah, for Appellant.

*Orville R. Wilson,* of Elko, and *Raymond Free,* of Fallon, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

In the lower court the plaintiff, Kimball, sought to recover compensation for personal injuries and property damage incurred when a pickup truck, which he owned and in which he was riding as a passenger, struck a "windrow" and overturned.[1] His claim for relief is based primarily upon the contention that the defendants Hoops Construction Company, the general contractor in charge of the road construction job; Briggs, its superintendent; and Emmons, a subcontractor, were negligent in failing to barricade the road or place flares and other warning devices along the windrows. Following trial without a jury, the court held for the defendants. In doing so, it found specifically, inter alia, that (a) the negligence of Stoddard, the driver of plaintiff's pickup truck, was the sole proximate cause of the accident; (b) that none of the defendants was negligent; and (c) that plaintiff, as the owner, had the right to control Stoddard, the

---

[1]After being spread on the roadbed, approximately the upper one-half of the mixed material (gravel-asphalt) is removed by a power grader and placed in a windrow (pyramid triangular shape) of uniform size upon the roadbed. The area not occupied by the windrow is rolled. The windrowed material is then spread over the lower compacted area by alternating the windrow from one side of the roadbed to the other and to the center, gradually decreasing the amount of the material moved until the entire surface is smooth.

driver, and did control him, with the result that Stoddard's negligence was imputable to the plaintiff to bar recovery.

On this appeal the plaintiff-appellant complains that the findings above referred to as (b) and (c) are not supported by substantial evidence, and concludes that a reversal must follow. However, he does not directly attack the finding that Stoddard's negligence was the sole proximate cause. We shall presume that he intended to do so. In any event, the record contains substantial evidence to support the lower court's finding as to cause.[2] Accordingly, whether the lower court was right or wrong as to findings (b) and (c) is of no consequence. Were we to accept the plaintiff-appellant's premise that each defendant was negligent, still if such negligence was not a proximate cause of the accident, liability would not attach. Nor is the concept of imputed negligence involved when the court has found that the negligence sought to be imputed is the sole proximate cause (as distinguished from a contributory or concurrent cause) of the accident.[3] The finding as to imputed negligence becomes immaterial. Accordingly, in the light of the lower court's finding regarding the sole proximate cause of the accident, which finding is supported by substantial evidence, we may not disturb the judgment.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.

---

[2] Without discussing all factual evidence, the lower court could believe that Stoddard was driving plaintiff's truck at night at a speed of 60 to 65 m.p.h. on a road under construction, pocketed with dusty areas, and with knowledge of the presence of windrows thereon; that he was unable to either stop or to avoid driving into a windrow; that such conduct was the sole proximate cause of the accident.

[3] Stoddard, driver of plaintiff's pickup truck, was originally named as a defendant, but the cause as to him was later dismissed.